Rule 12(C) of the Ohio Rules of Criminal Procedure states that "[a]ll pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." (Emphasis added.) Davis's motion to suppress was filed eighty-six days after arraignment and more than seven days before trial.
Clearly, Crim.R. 12(C) does not mandate that the timing provisions for pretrial motions be strictly followed. Rather, a court's mandate is to "indulge every reasonable presumption against the waiver of fundamental constitutional rights." Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019,1023. In fact, in referring to "the interest of justice," Crim.R. 12(C) reiterates the fundamental purpose of the Rules of Criminal Procedure, that "[t]hese rules are intended to provide for the just determination of every criminal proceeding." Crim.R. 1(B). Appellant was seeking to raise both an unlawful search and seizure claim and a Miranda claim at an evidentiary hearing. He should not have been denied the opportunity to have those constitutional claims heard merely because of calendrical vagaries.
Accordingly, I dissent.